Merritt S. Locke (admitted *Pro Hac Vice*)
Saunders Kahler, L.L.P.
185 Genesee St., Suite 1400
Utica, NY 13501-2194
Work: 315-733-0419
Fax: 315-724-8522
mlocke@saunderskahler.com

Ryan E. Hatch (SBN 235577)
Law Office of Ryan E. Hatch, P.C.
13323 Washington Blvd., Suite 100
Los Angeles, CA 90066
Work: 310-279-5076
Mobile: 310-435-6374
Fax: 310-693-5328
ryan@ryanehatch.com

*Attorneys for Defendants*
*55 ORISKANY BOULEVARD, INC. and MEYDA STAINED GLASS, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE TIFFANY, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>55 ORISKANY BOULEVARD, INC., a Delaware corporation doing business as MEYDA LIGHTING; MEYDA STAINED GLASS, LLC, a New York limited liability company; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:17-cv-00536<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Hon. Christina A. Snyder<br><br>Date: October 2, 2017<br>Time: 10:00 a.m.<br>Courtroom: First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012<br><br>Complaint filed February 23, 2017 |

1  PLEASE TAKE NOTICE that on October 2, 2017, or on such other date to be
2  set by the Court, at the First Street Courthouse, 350 W. First Street, Courtroom 8D,
3  8th Floor, Los Angeles, CA 90012, before the Honorable Christina A. Snyder,
4  Defendants 55 Oriskany Boulevard, Inc. and Meyda Stained Glass, LLC
5  (collectively, "Defendants") will and hereby do move the Court for an order
6  dismissing the Second Amended Complaint of Plaintiff Dale Tiffany, Inc. pursuant
7  to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.
8  This motion is based on the Memorandum of Points and Authorities filed
9  concurrently herewith, on all pleadings and papers on file or to be filed in this
10 action, and upon any additional evidence and argument that may be presented before
11 or at the hearing of this motion.
12 This motion is made following the conference of counsel pursuant to L.R. 7-
13 3, which took place on May 9, 2017.

14 Dated:  August 21, 2017         Respectfully submitted,

                                  Law Office of Ryan E. Hatch, P.C.

                                  By:      */s/ Ryan E. Hatch*
                                        Ryan E. Hatch

                                  *Attorney for Defendants*
                                  *55 ORISKANY BOULEVARD, INC. and*
                                  *MEYDA STAINED GLASS, LLC*

Case No. 2:17-cv-00536

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................... 1

III. LEGAL STANDARDS FOR PERSONAL JURISDICTION .......................... 2

    1. General Jurisdiction ................................................................................. 3

    2. Specific Jurisdiction ................................................................................. 4

IV. ARGUMENT ......................................................................................................... 5

    A. Defendant Meyda Must Be Dismissed Because It Conducts No Business and is the Incorrect Party ........................................................... 5

    B. 55 Oriskany Must Be Dismissed for Lack of Personal Jurisdiction ................................................................................................. 5

        1. 55 Oriskany is Not Subject to General Jurisdiction ..................... 5

        2. 55 Oriskany is Not Subject to Specific Jurisdiction .................... 6

V. CONCLUSION ..................................................................................................... 8

## I. INTRODUCTION

Plaintiff Dale Tiffany, Inc. (hereinafter, "Plaintiff"), a California corporation, has filed this action against Defendant Meyda Stained Glass, LLC (hereinafter, "Defendant Meyda") and 55 Oriskany Boulevard, Inc. ("55 Oriskany"), asserting three claims for infringement of a purported copyright relating to a "Boheme Table Lamp." (Second Amended Complaint, Dkt. 35, hereinafter "Complaint.")

By this motion, Defendant Meyda makes a special appearance contesting jurisdiction. Defendant Meyda is a dormant company that does no business, has never sold, manufactured, or designed any lighting products (much less a "Boheme Table Lamp"), and has never conducted any business under the name "Meyda Lighting." In short, it is the incorrect party and should have already been dismissed. Plaintiff has been well-aware of this since at least the conference of the parties on May 9, 2017, but still maintains claims against Defendant Meyda.

Plaintiff has now amended and added 55 Oriskany, but 55 Oriskany is not subject to personal jurisdiction in California. 55 Oriskany is incorporated in Delaware with a principle place of business in Yorkville, New York. It only sells retail products at its New York location, or to resellers or others who submit purchase offers to the New York location. While 55 Oriskany also sells products throughout the United States, including to reseller locations in California, it has no physical presence in California, does not employ anyone in California, and is not registered to do business in California. In short, there is no basis for exercising jurisdiction over 55 Oriskany in California.

Plaintiff's Complaint should therefore be dismissed with prejudice, and without leave to amend.

## II. FACTUAL BACKGROUND

Plaintiff filed its original Complaint on January 23, 2017 naming Defendant Meyda, and has since amended its complaint to add 55 Oriskany. (Dkts. 1 and 35.)

The originally-named defendant, Defendant Meyda, is a dormant company that

conducts no business and has never sold, manufactured, or designed any lighting products. (Ex. A, Declaration of Robert Cohen ("Cohen Decl."), ¶ 3.) To date, Plaintiff has not dismissed Defendant Meyda. The second named defendant, 55 Oriskany, is an East Coast company with no substantial connections to the State of California. In particular, 55 Oriskany manufactures and sells lighting and lighting products in its Yorkville, New York headquarters. (Cohen Decl., ¶ 6.) While the majority of its products are manufactured at the Yorkville facility, there are other locations throughout the world the products are manufactured. (Id.) However, no products are manufactured in the State of California. (Id.)

Neither Defendant Meyda nor 55 Oriskany have a physical presence in the State of California, or any employees who reside or do business in the State of California. (Id., ¶ 7.) Neither are registered to do business in California, nor do they maintain any bank accounts in California. (Id., ¶ 8.) 55 Oriskany maintains and owns a passive website – having no interactive features, no purchase capabilities, and no advertisements from other companies – under the domain name www.meyda.com.[1] (Id., ¶ 9.) In short, the only apparent connection that this action has to the state of California is that allegedly infringing items are sold "throughout the world" which includes California, and that Plaintiff alleges that it is located in La Mirada, California. (Complaint, ¶ 2.)

### III.   LEGAL STANDARDS FOR PERSONAL JURISDICTION

Where "there is no applicable federal statute governing jurisdiction, the district court applies the laws of the state in which the district court sets." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d. 797, 800 (9th Cir., 2004). In addition, "because California's long arm jurisdiction statute is coextensive with federal due process requirements, the jurisdiction analysis under state law and federal due process are the same." Dole Food Co. v. Watts, 303 F.3d. 1104, 1110 (9th Cir., 2002).

---

[1] Although Plaintiff makes allegations regarding a website www.meydastore.com, this website is not owned or related to 55 Oriskany. (Cohen Decl., ¶ 12.)

For a "Court to exercise personal jurisdiction over a non-resident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Id. at 800-801 citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Once a defendant raises the issue of lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating jurisdiction is appropriate." Picot v. Weston, 780 F. 3d. 1206, 1211 (9th Cir., 2015) citing Schwarzenegger, supra. at 800.

The exercise of due process depends upon the non-resident defendant's contacts with the state in which the District Court resides.  The Ninth Circuit has found "[d]epending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific." Picot, supra. at 1211 citing Boschetto v. Hansing, 539 F.3d. 1011, 1016 (9th Cir., 2008).

### 1. General Jurisdiction

The Supreme Court has held that "a court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the state are so 'continuous and systemic' as to render them essentially at home in the forum state." Goodyear Dunlop v. Brown, 564 U.S. 915, 919 (2011) citing International Shoe v. Washington, 326 U.S. 310 (1945).  A corporate defendant is "at home" in its place of incorporation or its principal place of business.  BNSF Ry. V. Tyrrell, 198 L. Ed. 2d. 36 (May 30, 2017) citing Daimler AG v. Bauman, 187 L. Ed. 2d. 624 (2011).

General jurisdiction can be exercised when the forum state is the "individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Id. at 924.  However, "a corporation's 'continuous activity of some sorts within a state' … 'is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" Id. at 927, citing International Shoe, supra at 318.

The Supreme Court recently found no general jurisdiction over BNSF in

Montana even though "BNSF has over 2000 miles of railroad track and more than 2000 employees in Montana." BNSF, 198 L. Ed. 2d. 36, 47. In BNSF, the Court held that: "As we observed in *Daimler*, 'the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts'" but rather that the "inquiry 'calls for an appraisal of a corporation's activities in their entirety'; a corporation that operates in many places can scarcely be deemed at home in all of them." Id. at 48, citing Daimler, supra at 641 (citations omitted).

### 2. Specific Jurisdiction

The specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum and the litigation." Walden v. Fiore, 134 S. Ct. 1115 (2014), quoting Keeton v. Hustler Magazine, 465 U.S. 770, 775 (1984), quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977). To exercise specific jurisdiction, "defendant's suit-related conduct must create a substantial connection with the forum state." Id.

For copyright and other actions sounding in tort, the Ninth Circuit has set forth the following a three-part test to determine whether the forum state has specific jurisdiction over a defendant: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking in protections of its laws; (2) the claim must be one which arises out of or related to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. Picot, 780 F.3d. at 1211; Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d. 1124, 1128 (9th Cir., 2010) (claims sounding in copyright infringement are "often characterized as a tort.")

The Plaintiff has the burden of proving the first two elements. Id. citing College Source Inc. v. Academy One, Inc., 653 F.3d 1066, 1076 (9th Cir., 2011). If Plaintiff meets this burden, the burden shifts and Defendant must establish the third element. Id. at 1212.

## IV. ARGUMENT

### A. Defendant Meyda Must Be Dismissed Because It Conducts No Business and is the Incorrect Party

Defendant Meyda is, a dormant company that conducts no business, has never sold, manufactured, or designed any lighting products, and has never conducted any business under the name "Meyda Lighting." (Cohen Decl., ¶ 3.) A company with no business whatsoever has no affiliation to the State of California, and has no activities at all, much less activities to direct to the State of California. Defendant Meyda must be dismissed under Rule 12(b)(2) for lack of personal jurisdiction (among other reasons).

### B. 55 Oriskany Must Be Dismissed for Lack of Personal Jurisdiction

Defendant 55 Oriskany must be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. It is not subject to either general or specific jurisdiction.

#### 1. 55 Oriskany is Not Subject to General Jurisdiction

Plaintiff appears to rely solely upon a theory of *general* personal jurisdiction in its Complaint. In particular, in alleging personal jurisdiction Plaintiff makes only vague boilerplate allegations that defendants "solicit, transact and are doing continuous and systematic business within the State of California including with respect to the matters giving rise to this suit," and that their "conduct has injured Plaintiff in California and Defendants have derived substantial revenue from goods and services rendered in California." See Complaint, ¶ 9. These allegations fail to establish personal jurisdiction.

55 Oriskany is not subject to general personal jurisdiction in California. As the Supreme Court has held, a corporation's domicile, place of incorporation, and principal place of business are the "paradigm bases for the exercise of general jurisdiction." Goodyear, 564 U.S. at 919 (2011). For 55 Oriskany, all of these factors point to the East Coast, not to California. It is incorporated in the State of Delaware and is domiciled and has its principle place of business in New York. (Cohen Decl.,

¶¶ 4 and 6.) It only sells retail products at its Yorkville, New York location, or to resellers or others who submit purchase offers to the Yorkville, New York location. (Id., ¶ 10.) While 55 Oriskany also maintains a limited Internet presence, Cohen Decl., ¶ 9, this does not support general personal jurisdiction because a website can be accessed from nearly anywhere, and "a corporation that operates in many places can scarcely be deemed at home in all of them." BNSF, 198 L. Ed. 2d. at 48.

55 Oriskany sells products throughout the United States, including to reseller locations in California. (Cohen Decl., ¶¶ 10 and 11.) However, it has no physical presence in California, does not employ anyone in California, and is not registered to do business in California. (Id., ¶¶ 7 and 8.) As the Supreme Court held, "mere purchases made in the forum State, even if occurring at regular intervals, are not enough to warrant a State's assertion of general jurisdiction over a nonresident corporation" in a cause of action not related to those purchase transactions. Goodyear, 564 U.S. at 929 (2011). Here, the allegations of copyright infringement do not relate to any transactions in California, but relate to activity that allegedly occurs "throughout the world." (Complaint, ¶ 13.) Thus, 55 Oriskany is not subject to general personal jurisdiction in California.

### 2. 55 Oriskany is Not Subject to Specific Jurisdiction

Plaintiff does not allege facts supporting specific personal jurisdiction over 55 Oriskany. (Complaint, ¶ 13.) Even if it did, Plaintiff would be unable to satisfy the three-part "purposeful direction" test set forth in Calden v. Jones, 465 U.S. 783 (1984). Under this test, Plaintiff must establish that the Defendant 55 Oriskany: "(1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state." Picot, 780 F. 3d. at 1214.

#### a) 55 Oriskany Did Not Commit Any Intentional Act Purposefully Directed Towards California

As to the first and second prongs, Plaintiff cannot and does not allege any purposeful act directed by 55 Oriskany towards California. Rather, Plaintiff only alleges

acts that Defendants "have sold, distributed and displayed the Infringement Items ***throughout the world*** including California…." (Complaint, ¶ 14, emphasis added.) The underlying act of selling products "throughout the world" is devoid of any connection to California, except the gratuitous fact that California is part of "the world." Plaintiff has failed to meet its burden of establishing any intentional conduct was "expressly aimed" at California. Brayton Purcell, 606 F.3d. at 1129.

Plaintiff also alleges that items were sold, distributed, and displayed through two websites, www.meyda.com and www.meydastore.com. (Complaint, ¶ 14.) As to the former meyda.com website, this is a passive website which has no interactive features. (Cohen Decl., ¶ 9.) The Ninth Circuit has repeatedly found "maintenance of a passive website alone cannot satisfy the express aiming prong." Brayton Purcell, supra at 1129. As to the latter, neither Defendant Meyda nor 55 Oriskany owns or is affiliated with the www.meydastore.com website, which is apparent even by looking at the disclaimer on the website. (Cohen Decl., ¶ 11.) Thus, Plaintiff's attempt to rely on websites to establish personal jurisdiction over 55 Oriskany is also unavailing.

Plaintiff has made no further allegations that Defendants targeted customers in California. In fact, the opposite is true, because customers specifically contact 55 Oriskany in New York when they wish to purchase items, for example by sending purchase orders to New York. (Cohen Decl., ¶ 10.)

Plaintiff cannot satisfy its burden under the first and second prongs of the Calder test, because 545 Oriskany did not commit any intentional act purposefully directed towards California.

### b) Plaintiff's Copyright Infringement Claims Do Not Arise Out of Activities in California

Because Plaintiff cannot establish any intentional acts purposefully directed to California, there is no need for the Court to consider whether the claims arise out of or relate to any activities in the forum state of California. Picot, 780 F.3d. at 1211.

1    Even considering this factor, Plaintiff only alleges activity being directed
2    "throughout the world" and not to California. (Complaint, ¶ 14.) To the extent Plaintiff
3    alleges that products ended up in California, the Supreme Court has rejected the "stream-
4    of-commerce" theory of jurisdiction, that a defendant should have anticipated the goods
5    it sold would make it to the forum state market. J. McIntyre Mach. V. Nicastro, 564
6    U.S. 873, 886 (2011).

      c) **Exercise of Jurisdiction Over 55 Oriskany in California is Not Fair or Reasonable**

Lastly, even if Plaintiff can establish all of the foregoing factors (which it cannot), there is no specific personal jurisdiction. For the reasons discussed above, the exercise of jurisdiction over 55 Oriskany in California is not reasonable and does not "comport with fair play and substantial justice." Picot, 780 F.3d. at 1211.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction.

Respectfully submitted,

Dated:  August 21, 2017          LAW OFFICE OF RYAN E. HATCH, P.C.


                                 By:  */s/ Ryan E. Hatch*
                                      Ryan E. Hatch

                                      *Attorney for Defendants*
                                      *55 ORISKANY BOULEVARD, INC. and*
                                      *MEYDA STAINED GLASS, LLC*