Merritt S. Locke (admitted *Pro Hac Vice*)
Saunders Kahler, L.L.P.
185 Genesee St., Suite 1400
Utica, NY 13501-2194
Work: 315-733-0419
Fax: 315-724-8522
mlocke@saunderskahler.com

Ryan E. Hatch (SBN 235577)
Law Office of Ryan E. Hatch, P.C.
13323 Washington Blvd., Suite 100
Los Angeles, CA 90066
Work: 310-279-5076
Mobile: 310-435-6374
Fax: 310-693-5328
ryan@ryanehatch.com

*Attorneys for Defendants*
*55 ORISKANY BOULEVARD, INC. and MEYDA STAINED GLASS, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE TIFFANY, INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>55 ORISKANY BOULEVARD, INC., a Delaware corporation doing business as MEYDA LIGHTING; MEYDA STAINED GLASS, LLC, a New York limited liability company; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:17-cv-00536-CAS-AGR<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Hon. Christina A. Snyder<br><br>Date: October 2, 2017<br>Time: 10:00 a.m.<br>Courtroom: First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012<br><br>SAC filed July 19, 2017 |

TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT .......................................................................................................... 2

    A. Defendant Meyda Has Provided Competent Evidence That It Conducts No Business and Should Be Dismissed ................................. 2

    B. Plaintiff Concedes The Lack of General Jurisdiction Over 55 Oriskany ........................................................................................................ 3

    C. Plaintiff Has Failed to Make a Prima Facie Showing of Specific Jurisdiction Over 55 Oriskany ................................................................. 4

        1. 55 Oriskany Did Not Commit Any Intentional Act Purposefully Directed Towards California ....................... 4

        2. Plaintiff's Copyright Infringement Claims Do Not Arise Out of any Activities in California .......................... 7

        3. Exercise of Jurisdiction Over 55 Oriskany in California is Not Fair or Reasonable ................................. 8

    D. Plaintiff's Request for Jurisdictional Discovery Should be Denied ........................................................................................................... 8

III. CONCLUSION ..................................................................................................... 8

Law Office of Ryan E. Hatch, PC
13323 Washington Blvd., Suite 100
Los Angeles, CA 90066
Tel: 310-279-5076 Fax: 310-693-5328

Case No. 2:17-cv-00536-CAS-AGR
REPLY BRIEF IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION

## I. INTRODUCTION

In this Motion to Dismiss, defendants Meyda Stained Glass, LLC ("Defendant Meyda") and 55 Oriskany Boulevard, Inc., a Delaware corporation doing business as Meyda Lighting ("55 Oriskany") (collectively "Defendants") request that the Court dismiss the Second Amended Complaint (Dkt. 24, "SAC") under Fed. R. Civ. P. 12(b)(6) for lack of personal jurisdiction.

As to Defendant Meyda, plaintiff Dale Tiffany, Inc. ("Plaintiff")'s sole argument is that the declaration is not "competent" because the declarant, Robert Cohen, did not state his affiliation with Defendant Meyda. To the extent this was any issue at all, Mr. Cohen has affirmed that he is the sole member and officer of Defendant Meyda, and reaffirmed that the entity is dormant and conducts no business as he stated in his original declaration. Defendant Meyda must therefore be dismissed from this action.

As to 55 Oriskany, Plaintiff concedes the lack of general jurisdiction, and the Court must deny its request for further discovery because it has failed to establish a prima facie showing of general jurisdiction in the first instance.

Plaintiff has also failed to make a prima facie showing of specific jurisdiction. First, 55 Oriskany did not commit any intentional act purposefully directed towards California, and none of Plaintiff's several theories in this regard have merit. First, 55 Oriskany cannot have willfully or intentionally infringed Plaintiff's purported copyright, because it had no prior knowledge of Plaintiff's claims and immediately stopped selling all identified products when it first found out about the allegations via Plaintiff's November 2016 letter. Second, the hiring of sales representatives was not suit-related conduct, and in any event was not an intentional act purposely directed towards California. Such sales representatives are not limited to California, do not generate sales exclusively for 55 Oriskany, and sell many other manufacturers' products at the same time. Moreover, any sales made as a result of their efforts are made directly by the purchasing company (usually a reseller) placing an order directly

Law Office of Ryan E. Hatch, PC
13323 Washington Blvd., Suite 100
Los Angeles, CA 90066
Tel: 310-279-5076 Fax: 310-693-5328

to 55 Oriskany's facility in New York.  Third, Plaintiff's reliance on various websites is misplaced.  Plaintiff wrongly assumes that dealers can log in and place orders with 55 Oriskany directly using the meyda.com website.  In fact, dealers are not able to purchase any items directly from the website, and all orders are made directly through 55 Oriskany's facility in New York.  Nor does 55 Oriskany sell directly to any end user on the Amazon and Houzz.com websites.   The true sellers are different third-parties that are not owned, controlled, or affiliated with 55 Oriskany.

Should the Court need to consider the second or third prongs, Plaintiff's arguments fail here too because its claim does not arise out of any activities in California, and the exercise of jurisdiction is not fair or reasonable.  Lastly, Plaintiff's request for jurisdictional discovery should be denied because it has not identified any discovery that is actually needed, nor has it met its initial burden of establishing a prima facie case that jurisdiction is proper.

For the foregoing reasons, Defendants respectfully request that the Court dismiss the SAC under Rule 12(b)(2) for lack of personal jurisdiction.

## II. ARGUMENT

### A. Defendant Meyda Has Provided Competent Evidence That It Conducts No Business and Should Be Dismissed

Plaintiff admits that Defendant Meyda provided evidence that it conducts no business and should be dismissed. (Dkt. 39 ("Opposition Br.") at 3-4 (arguing only that the evidence is not "competent."))  Indeed, Defendants provided the original Declaration of Robert Cohen ("First Cohen Decl.," Dkt. 38-1), wherein Mr. Cohen testified that Defendant Meyda is a dormant company that conducts no business, has never sold, manufactured, or designed any lighting products, and has never conducted any business under the name "Meyda Lighting."  (Dkt. 38-1, June 15, 2017 Declaration of Robert Cohen ("First Cohen Decl."), ¶ 3.)  Plaintiff has not come forward with any evidence to the contrary.

Plaintiff's sole argument for keeping Defendant Meyda in the case is that Mr.

Cohen's evidence is not "competent." In particular, Plaintiff complains that Mr. Cohen did not state that he has a connection or relationship to Defendant Meyda, such as being an owner, officer, director, or employee. (Opposition at 3.) In the attached declaration, Mr. Cohen affirms that he is the sole member and officer of Defendant Meyda, and has reaffirmed that Defendant Meyda: (a) is a dormant New York company which, while still registered as active with the New York Secretary of State, conducts no business, and has never sold, manufactured, or designed any lighting products; (b) has no physical presence in the State of California; does not have any employees who reside or do business in the State of California; and (c) is not registered to do business in California. (September 18, 2017 Cohen Declaration ("Second Cohen Decl."), ¶ 3.)

Based on the foregoing evidence, Defendant Meyda must be dismissed from this action.

### B. Plaintiff Concedes The Lack of General Jurisdiction Over 55 Oriskany

Plaintiff admits that it "does not currently have any facts showing that Defendants are domiciled in the State of California as to confer general jurisdiction." (Opposition at 4.) This is a significant admission, because Plaintiff appeared to rely solely upon a theory of *general* personal jurisdiction in its Complaint. (*See* Dkt. 38 ("Opening Br.") at 5-6.)

Though it has conceded the lack of general jurisdiction over 55 Oriskany, Plaintiff now seeks to embark on a fishing expedition on the basis that discovery "may" disclose that Defendants are subject to general jurisdiction in California. (Opposition Br. at 2.) But it will not, because the evidence already shows that 55 Oriskany is "at home" in New York where it is incorporated and has its principle place of business, and not in California. (See First Cohen Decl., ¶¶ 6-8.)

Moreover, the Court must deny this request for further discovery, because Plaintiff has failed to establish a prima facie showing of general jurisdiction in the first

instance. See <u>Mavrix Photo, Inc. v. Brand Techs., Inc.</u>, 99 U.S.P.Q.2d 1562, 2011 (9th Cir. 2011) (when defendant makes a motion to dismiss based on written materials, plaintiff bears the burden of making a prima facie showing of jurisdictional facts to withstand the motion and cannot "simply rest on the bare allegations of its complaint").

### C. Plaintiff Has Failed to Make a Prima Facie Showing of Specific Jurisdiction Over 55 Oriskany

To defeat this Motion to Dismiss as to specific jurisdiction, Plaintiff was required to make a prima facie showing under the "purposeful direction" test set forth in <u>Calden v. Jones</u>, 465 U.S. 783 (1984). In particular, Plaintiff was required to show that 55 Oriskany: "(1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state." <u>Picot</u>, 780 F. 3d. at 1214. Plaintiff has failed to do so.

#### 1. 55 Oriskany Did Not Commit Any Intentional Act Purposefully Directed Towards California

Plaintiff advances several theories why 55 Oriskany purposefully directed its activities to California. None of these theories have merit.

*First*, Plaintiff argues that 55 Oriskany committed an intentional act because it "willfully infringed plaintiff's copyright with knowledge of both the existence of the copyright and the forum of the copyright holder." (See Opposition at 4, <u>citing Washington Shoe Co. v. A-Z Sporting Goods Inc.</u>, 704 F.3d 668, 678-679 (9th Cir. 2012).) For support, Plaintiff cites its allegations claiming that Defendants "willfully and knowingly infringed" its purported copyright. (Opposition at 5, citing SAC, ¶¶ 2, 9, 11-15, 20-23.) But the only factual allegation therein that might arguably pertain to this issue is that "Defendants have knowingly and intentionally used the Infringing Items as a 'door opener' to solicit customers to purchase other goods and services from Defendants." (SAC, ¶ 15.) Even assuming this allegation to be true (which it is not),

using an item as a "door opener" does not establish knowing or intentional infringement of Plaintiff's copyright, which is a different issue altogether.

Indeed, 55 Oriskany cannot have committed any "knowing" or "intentional" infringement, because it had no knowledge of Plaintiff's purported copyright or related claims, including through attendance at tradeshows or by any other means, prior to receiving the notice letter from Plaintiff on November 9, 2016. (Cohen Decl., ¶ 4.) 55 Oriskany could not possibly have known of Plaintiff's claims any earlier than the letter, because Plaintiff itself contends that it only found out about the claims "[i]n or about September 2016" when the letter was sent. (SAC, ¶ 13.)

What's more, upon receipt of Plaintiff's letter, 55 Oriskany immediately stopped selling all identified products and notified its customers and resellers to cease selling the products, to remove the products from their websites, and avoid any potential future sales. (Id. ,¶ 6.); compare Wash. Shoe Co. v. A-Z Sporting Goods Inc., 105 U.S.P.Q.2d 1138, 1140 (9th Cir. 2012) (finding jurisdiction when "after receiving notice of the alleged copyright infringement through cease-and-desist letters, [the defendant] sold the infringing boots to a thrift store.")

*Second*, Plaintiff contends that the hiring of sales representative John Bork "demonstrates a clear and unequivocal intentional act purposely directed towards California." (Opposition Br. at 5-6.) But to exercise specific jurisdiction, "defendant's suit-related conduct must create a substantial connection with the forum state." Walden v. Fiore, 134 S. Ct. 1115 (2014) (emphasis added). Plaintiff makes no allegation that Mr. Bork or any other individuals sold the products at issue, displayed them in any catalogs, or were involved in any way with the allegations of this lawsuit. In fact, Mr. Bork ceased providing services for 55 Oriskany in March of 2014, long before this case was even filed. (Second Cohen Decl., ¶ 12.)

While 55 Oriskany contracts with individuals as independent manufacturers sales representatives throughout the United States including but not limited to California, such representatives do not generate sales exclusively for 55 Oriskany and sell many other

lighting manufacturers' products at the same time. (Id., ¶ 10.) Moreover, any sales made as a result of an independent manufacturer sales representative's efforts are made directly by the purchasing company (usually a reseller) placing an order directly to 55 Oriskany's facility in New York. (Id., ¶¶ 10-11.)

*Third*, Plaintiff assumes that dealers can log in "and place orders with 55 Oriskany directly" using the meyda.com website. (Opposition at 6.) This assumption is wrong. Despite that "the plaintiff bears the burden on the first two prongs" of this analysis, see Boschetto v. Hansing, 539 F.3d 1011, 2008 ILRC 2447, 25 ILRD 504 (9th Cir. 2008), here Plaintiff only makes unsupported assumptions, and has failed to present any evidence of what happens after a dealer logs into the meyda.com website. (See Plaintiff's Request for Judicial Notice, Dkt. 40, Ex. 1 (showing only the login page.))

While Plaintiff is correct that dealers can login to the meyda.com website, after login they are able to access the most recent online catalog and pricing for items, but, importantly, are not able to purchase any items directly from the website, and all orders are made directly through the facility in New York. (Second Cohen Decl., ¶ 14.) Accordingly, the meyda.com website is an "essentially passive website" that does not allow any transactions to be consummated, and does not satisfy the "purposeful availment" prong. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 44 U.S.P.Q.2d 1928, 3 ILRD 215 (9th Cir. 1997).

*Lastly*, Plaintiff's reliance on the Amazon and Houzz.com websites is misplaced, because 55 Oriskany does not sell directly to any end user on these or any other websites. Here again, Plaintiff relies on incorrect assumptions about the functionality of websites. Plaintiff provides an alleged screen shot that purports to represent 55 Oriskany selling products through Amazon. (Dkt. 39-1, Kim Declaration, Exh. 1.) But a closer look shows that 55 Oriskany is <u>not</u> the seller of the product at all, but rather that the true seller is an entity called "Wingdings, LLC." (Second Cohen Decl., ¶ 8, Ex. B at 1.) Plaintiff is similarly mistaken with respect to Houzz.com. Plaintiff's exhibit purports to show a one-page listing wherein 55 Oriskany is supposedly advertising and selling the lamp on

Law Office of Ryan E. Hatch, PC
13323 Washington Blvd., Suite 100
Los Angeles, CA 90066
Tel: 310-279-5076 Fax: 310-693-5328

Houzz.com. (Dkt. 39-1, Ex. 2.) But Plaintiff omits the complete listing, which shows that the true sellers of this item are different third-parties. (Id., ¶ 9, Ex. C.) None of these third party sellers on Amazon or Houzz.com are owned, controlled, or affiliated with 55 Oriskany. (Id., ¶¶ 8-9.) Plaintiffs should have known this, because 55 Oriskany already provided evidence indicating it makes sales only in four limited ways, none of which are through such websites. (First Cohen Decl., ¶ 3.)

As Plaintiff has failed in all of its arguments and assumptions under the first prong, there is no need for the Court to consider whether its claim arises out of or relates to any activities in California. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) ("[Plaintiffs] arguments fail under the first prong. Accordingly, we need not address [the remaining two prongs].")

### 2. Plaintiff's Copyright Infringement Claims Do Not Arise Out of any Activities in California

Should the Court need to consider the second prong, Plaintiff's arguments fail here too because its claim does not arise out of any activities in California.

Plaintiff concedes, as it must, that it cannot rely on a "stream-of-commerce" theory to satisfy this prong. (Opposition Br. at 8.) Plaintiff therefore simply parrots the incorrect assumption in its FAC that 55 Oriskany engages in a "large scale" effort to distribute and display infringing items California. (Id. at 7.) But the Plaintiff "bears the burden of establishing that jurisdiction is proper" and "cannot simply rest on the bare allegations of its complaint." Mavrix Photo, 99 U.S.P.Q.2d at 2011 (9th Cir. 2011). Tellingly, Plaintiff cites no factual evidence that 55 Oriskany has engaged in any such "large scale" or other efforts directed to California, which it does not. (First Cohen Decl., ¶¶ 6-11.) Plaintiff relies only on attorney argument, which should be given no weight, and simply repeats the same incorrect points it makes under the first prong, all of which lack merit for the reasons discussed above.

### 3. Exercise of Jurisdiction Over 55 Oriskany in California is Not Fair or Reasonable

Even if Plaintiff can establish the first two prongs (which it cannot), the third prong is not satisfied because the exercise of jurisdiction over 55 Oriskany in California is not reasonable and does not "comport with fair play and substantial justice." Picot, 780 F.3d. at 1211.  Notably, Plaintiff does not contend that California has any special interest in adjudicating this dispute, or that there are any "fundamental substantive social policies" at play in this case.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).  For the foregoing reasons, the exercise of jurisdiction over 55 Oriskany in California is not fair or reasonable under the third prong.

### D. Plaintiff's Request for Jurisdictional Discovery Should be Denied

In the alternative, Plaintiff requests that it be able to conduct jurisdictional discovery "to the extent that the Court requires additional evidence." (Opposition Br. at 9.)  However, Plaintiff has not identified any discovery that is actually needed.  This is significant, because it is Plaintiff that "bears the burden of establishing that jurisdiction is proper." Mavrix Photo, 99 U.S.P.Q.2d at 2011 (9th Cir. 2011).  By failing to identify any needed discovery, and there is none, Plaintiff concedes that the Court may decide the issue based on the evidence it has submitted.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction.

Respectfully submitted,

Dated: September 18, 2017          LAW OFFICE OF RYAN E. HATCH, P.C.

By: */s/ Ryan E. Hatch*
Ryan E. Hatch

*Attorney for Defendants*
*55 ORISKANY BOULEVARD, INC. and*
*MEYDA STAINED GLASS, LLC*

Law Office of Ryan E. Hatch, PC
13323 Washington Blvd., Suite 100
Los Angeles, CA 90066
Tel: 310-279-5076 Fax: 310-693-5328