UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
|---|---|---|---|
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Steven Han | | Ryan Hatch |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION (Dkt. 38, filed August 21, 2017)

## I. INTRODUCTION

On January 23, 2017, plaintiff Dale Tiffany, Inc., a California corporation, filed this copyright infringement action against defendant Meyda Stained Glass, LLC ("Meyda"), a New York limited liability company, and Does 1 through 50. Dkt. 1. On July 26, 2017, the Court granted plaintiff leave to file the operative Second Amended Complaint ("SAC"), which added as a defendant 55 Oriskany Boulevard, Inc. ("55 Oriskany"), a Delaware corporation doing business as Meyda Lighting. Dkts. 34, 35. The gravamen of the complaint is that defendants sold, distributed, and displayed certain Tiffany-style stained glass lamps that infringe upon plaintiff's copyright.

On August 21, 2017, defendant filed the instant motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Dkt. 38 ("MTD"). On September 11, 2017, plaintiff filed an opposition, dkt. 39 ("Opp'n"); and defendants filed a reply on September 19, 2017, dkt. 41 ("Reply"). The Court held a hearing on October 2, 2017. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Plaintiff's Allegations in the SAC

Plaintiff is a California-based company that designs, markets, and distributes lighting products. SAC ¶ 2. Plaintiff is the exclusive owner of the copyright to a Tiffany-style stained glass table lamp, which was published on April 5, 2004 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

registered with the U.S. Copyright Office on September 15, 2006 under the title "Boehme Table Lamp" along with all derivative works (the "copyrighted work"). Id. ¶ 11, Ex. 1.

55 Oriskany is a Delaware corporation that maintains its principal place of business in Yorkville, New York. Id. ¶ 3. Meyda is a New York limited liability company that also maintains its principal place of business in Yorkville. Id. ¶ 14. Plaintiff alleges that 55 Oriskany and Meyda operate a wholesale business through which they engage in "large scale and nationwide distribution and public display, including within the State of California, of copyrighted works including works owned by and registered to Plaintiff." Id. ¶¶ 3–4. Plaintiff further alleges that "each of the defendants was and is the agent, servant, employee, representative, partner, subsidiary, affiliate, joint venture or alter-ego of each of the other defendants." Id. ¶ 6.

Plaintiff first became aware of the alleged infringement in September 2016. Id. ¶ 13. Defendants allegedly have sold, distributed, and displayed several infringing table lamps, floor lamps, and pendants (the "infringing items") through numerous third party retailers—including, Amazon, Sears, Walmart, and QVC—and through its website www.meyda.com and other websites such as www.meydastore.com. Id. ¶¶ 13–14, Ex. 2. Plaintiff alleges that defendants knowingly and intentionally used the infringing items as a "door opener" to solicit customers to purchase its other products. Id. ¶ 15. On November 9, 2016, plaintiff sent a cease-and-desist letter to the defendants. Id. ¶ 16.

Plaintiff asserts claims for copyright infringement, contributory copyright infringement, and vicarious copyright infringement in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501. SAC ¶¶ 19–46. Plaintiff alleges that the defendants' "acts of infringement are willful, intentional and purposeful." Id. ¶ 22.

**B. Evidence Offered by Defendants in Support of the Motion**

In support of the motion to dismiss, defendants attach a declaration by Robert Cohen ("Cohen"), the President of 55 Oriskany. MTD, Ex. A., First Cohen Decl. ¶ 1. Cohen states that Meyda is a "dormant" company which, although it is still registered as active with the New York Secretary of State, conducts no business, and has never sold, manufactured, or designed any lighting products. Id. ¶ 3. Cohen confirms that 55 Oriskany is a Delaware corporation, doing business as Meyda Lighting, that manufactures and sells lighting products at its Yorkville, New York headquarters. Id. ¶¶ 4–6. Neither 55 Oriskany nor Meyda has a physical presence in California, nor does

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

either entity have any employees who reside or do business in California. Neither entity is registered to do business in California or maintains any bank accounts here. Id. ¶¶ 7–8.

55 Oriskany maintains a website at www.meyda.com. Cohen contends it is a "passive website" because it has no interactive features and merely displays products without allowing buyers to purchase items directly. Cohen maintains that 55 Oriskany does not advertise or otherwise directly solicit business in California. Id. ¶ 9. Cohen asserts that neither 55 Oriskany nor Meyda has any affiliation with www.meydastore.com, a website that also prominently states it is not affiliated with "Meyda Tiffany" on its homepage. [1] Id. ¶ 12.

Cohen states that 55 Oriskany sells its products in only four ways: (1) wholesale sales to resellers through purchase orders delivered to 55 Oriskany, (2) retail sales at the company's showroom in Yorkville, (3) special orders of products submitted directly to the company, and (4) sales to resellers who then direct the company to ship products to third parties. Id. ¶ 10. Cohen confirms that 55 Oriskany fulfills orders received from wholesale resellers in California, but states that it does not specifically target any sales to California. Id. ¶ 11.

### C. Additional Evidence Offered by Plaintiff

In opposition to the motion, plaintiff submits a declaration by Jonathan Kim ("Kim"), the Vice-President of Dale Tiffany. Opp'n, Kim Decl. ¶ 2. Kim contends that defendants have "long been well aware of plaintiff's copyrighted works and principal place of business in California." He states that representatives from both parties often attend the same tradeshows and exhibitions throughout the U.S. including California. Id. ¶ 3.

Kim states that defendants have sold the infringing items to companies such as Amazon that purposely target consumers and do significant business in California. Id. ¶ 4. In addition, Kim states that defendants utilize websites such as Houzz.com to directly advertise and sell the infringing items directly to customers, including in California. Id. ¶ 5. Screenshots of infringing items for sale on Amazon and Houzz.com are attached to Kim's declaration. Id. ¶¶ 4–5, Exs. 1–2.

---

[1] On June 29, 2017, defendants' counsel confirmed in an email to plaintiff's counsel that 55 Oriskany does business as Meyda Tiffany. Opp'n at 5–6, Han Decl. ¶ 2, Ex. 1.

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

Plaintiff also requests that the Court take judicial notice of an online article in the trade publication *Furniture World* dated December 15, 2004. The article states: "Meyda Tiffany's Lighting Division has appointed John Bork as its new sales rep in Southern California, according to Robert Cohen, the President of Meyda Tiffany." Dkt. 30 ("RJN") Ex. 1. The request for judicial notice also includes links to and screenshots of defendants' website, www.meyda.com, indicating that the site has a "Dealer Login" feature. Id., Ex. 2–3.

### D. Additional Evidence Offered by Defendants

Defendants filed a second declaration by Cohen with their reply brief. In it, Cohen clarifies that he is both the President of 55 Oriskany and the sole member and officer of Meyda. Reply, Second Cohen Decl. ¶ 1. He states that prior to receiving the cease-and-desist letter from plaintiff on November 9, 2016, neither he nor anyone associated with 55 Oriskany had any knowledge of plaintiff's copyright, including through attendance at tradeshows. Id. ¶ 4. After receiving the cease-and-desist letter, 55 Oriskany contacted its supplier of the allegedly infringing items; and the supplier indicated that the items purchased by 55 Oriskany differed from those referenced in the letter. Id. ¶ 5. In an abundance of caution, 55 Oriskany immediately stopped selling all products identified in the letter and notified customers and resellers to cease selling the products and remove the products from their websites. Id. ¶ 5–6.

Cohen states that 55 Oriskany does not directly sell to any end user on any website, including www.meyda.com, Amazon, and Houzz.com. Id. ¶ 7. The allegedly infringing products listed on Amazon and Houzz.com are not sold directly by 55 Oriskany, but rather third-party sellers such as Wingdings LLC. Id. ¶ 8–9, Exs. B, C. Cohen confirms that 55 Oriskany's website, www.meyda.com, does have a "Dealer Login" feature but states that no products can be purchased directly from the website. Rather, dealers can log in to access an online catalogue and pricing information. Id. ¶ 14.

Cohen confirms that 55 Oriskany had a contract with Bork for his services as an independent manufacturers' sales representative in California. However, Cohen states that Bork has not been under contract nor has he provided any services to 55 Oriskany since March 2014. Id. ¶ 12.

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

## III.  LEGAL STANDARDS

When a defendant moves to dismiss for lack of personal jurisdiction under Federal
Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of establishing that
jurisdiction is proper." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008)
(citation omitted).  Where, as here, the defendant's motion is based on written materials
rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of
jurisdictional facts to withstand the motion to dismiss." Brayton Purcell LLP v.
Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting Pebble Beach Co.
v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).  The plaintiff cannot simply rely on the
"bare allegations" of its complaint; however, uncontroverted allegations in the complaint
must be taken as true, and "[c]onflicts between parties over statements contained in
affidavits must be resolved in the plaintiff's favor." Schwarzenegger v. Fred Martin
Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's
long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due
process." Pebble Beach, 453 F.3d at 1154–55. "California's long-arm statute is co-
extensive with federal standards, so a federal court may exercise personal jurisdiction if
doing so comports with federal constitutional due process." Boschetto, 539 F.3d at 1015.
"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant
must have at least 'minimum contacts' with the relevant forum such that the exercise of
jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"
Schwarzenegger, 374 F.3d at 801 (quoting International Shoe Co. v. Washington, 326
U.S. 310, 316 (1945)).  Depending on the nature of the contacts between the defendant
and the forum state, personal jurisdiction is characterized as either general or specific.

"A court may assert general jurisdiction over foreign (sister-state or foreign-
country) corporations to hear any and all claims against them when their affiliations with
the State are so 'continuous and systematic' as to render them essentially at home in the
forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919
(2011) (quoting International Shoe, 326 U.S. at 317).  A corporation's place of
incorporation and principal place of business are the paradigmatic bases for general
jurisdiction. Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014).  Otherwise, "[t]he
standard is met only by 'continuous corporate operations within a state [that are] thought
so substantial and of such a nature as to justify suit against [the defendant] on causes of
action arising from dealings entirely distinct from those activities.'" King v. Am. Family

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
|---|---|---|---|
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

Mut. Ins. Co., 632 F.3d 570, 579 (9th Cir. 2011) (quoting International Shoe, 326 U.S. at 318). The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1224 (9th Cir. 2011).

A court may exercise specific jurisdiction if the claim for relief arises out of or relates to the defendant's contacts with the forum. Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty., 137 S. Ct. 1773, 1780 (2017). The Ninth Circuit applies a three-part test to determine if the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. Id.

## IV. DISCUSSION

Defendants argue that the Court lacks personal jurisdiction over both Meyda and 55 Oriskany and therefore the complaint should be dismissed. MTD at 1. Plaintiff contends that it has made a prima facie showing of jurisdictional facts to support the exercise of specific jurisdiction over both defendants. Opp'n at 4–8. Plaintiff also makes evidentiary objections with respect to Meyda, contends both defendants "may" be subject to general jurisdiction in California, and requests jurisdictional discovery. Id. at 3–4, 8. As a preliminary matter, plaintiff concedes that it has not pleaded or adduced any facts that could support an exercise of general jurisdiction over either defendant. See id. at 4. Accordingly, the Court only considers plaintiff's arguments regarding specific

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
|----------|--------------------------|------|-----------------|
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

jurisdiction. The Court first addresses whether plaintiff has satisfied its burden with respect to Meyda.

### A.      Specific Jurisdiction Over Meyda

Defendants submitted declarations by Cohen, who asserts that Meyda is a "dormant" company, does no business, and has never sold, manufactured, or designed any lighting products. Cohen Decl. ¶ 3. Because the company has no contacts whatsoever with California, defendants contend that it must be dismissed for lack of personal jurisdiction. MTD at 5. Cohen's declaration directly controverts the allegation in the complaint that Meyda operates a large-scale, wholesale business and distributes lighting products nationwide, including in California. SAC ¶ 4. In its opposition, plaintiff does not refute Cohen's assertion, but rather argues that his statements regarding Meyda lack foundation because he did not identify his relationship to the company in his declaration. Opp'n at 3. However, in his second declaration submitted with the reply brief, Cohen clarified that he is the sole member and officer of Meyda. Second Cohen Decl. ¶ 1. Accordingly, plaintiff's objection based on lack of foundation is overruled.

Plaintiff does not present any evidence beyond the bare allegations in its complaint regarding the activities of Meyda that could support the exercise of personal jurisdiction. Although the complaint included an allegation that each defendant is the "partner, subsidiary, affiliate, joint venture or alter-ego of each of the other defendants," SAC ¶ 6, plaintiff makes no factual allegations nor does it present any evidence to support the exercise of personal jurisdiction over Meyda on the theory that it is 55 Oriskany's alter ego. See Ranza v. Nike, Inc., 793 F.3d 1059, 1073 (9th Cir. 2015) ("To satisfy the alter ego test, a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice.") (alternations and internal quotation marks omitted).

Accordingly, the Court concludes that plaintiff has failed to make a prima facie showing of jurisdictional facts to support the exercise of personal jurisdiction over Meyda.

### B.      Specific Jurisdiction Over 55 Oriskany

Under the first prong of the specific jurisdiction analysis, plaintiff must establish that 55 Oriskany "either purposefully availed [itself] of the privilege of conducting

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

activities in California, or purposefully directed [its] activities toward California."
Schwarzenegger, 374 F.3d at 802. In contracts cases, courts conduct a "purposeful
availment" analysis, whereas courts generally conduct a "purposeful direction" analysis
in tort cases. Id. Because plaintiff has alleged copyright infringement, which is "a tort-
like cause of action," the Court applies a purposeful direction analysis. Mavrix Photo,
Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). Courts in the Ninth
Circuit analyze purposeful direction under the three-part "effects test" from the Supreme
Court opinion in Calder v. Jones, 465 U.S. 783, 787–89, (1984); Schwarzenegger, 374
F.3d at 803. "Under this test, the defendant allegedly must have (1) committed an
intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant
knows is likely to be suffered in the forum state." Brayton Purcell, 606 F.3d at 1128
(internal quotation marks and citation omitted).

Here, the Court finds that plaintiff has not met its burden of establishing that 55
Oriskany's alleged acts of copyright infringement were purposefully directed at
California. Plaintiff argues that 55 Oriskany purposely directed its activities towards
California by: (1) willfully infringing on plaintiff's copyrighted work, (2) operating an
interactive website, (3) utilizing online third-party retailers such as Amazon and
Houzz.com, and (4) hiring a sales representative for Southern California. The Court
addresses each of these arguments in turn.

### 1.    Willful Copyright Infringement

Relying on Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668 (9th
Cir. 2012), plaintiff argues that its allegations of willful copyright infringement are
sufficient to support the exercise of specific jurisdiction.[2] Opp'n at 4–5. In that case, the
defendant operated a single retail store in Arkansas and frequently purchased footwear
from the plaintiff, a Washington-based shoe manufacturer. Id. at 670-71. One of the
plaintiff's salesmen visited the defendant's store and discovered that the defendant was
selling boots that infringed on plaintiff's copyrights. The plaintiff sent two cease-and-
desist letters; and, in response, the defendant removed the infringing boots from its

---

[2] "To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that
the defendant was actually aware of the infringing activity, or (2) that the defendant's
actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright
holder's rights." Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936,
944 (9th Cir. 2011) (citations omitted).

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

displays but sold its remaining inventory. Id. at 671. Based on these facts, the Ninth Circuit found it likely that the defendant engaged in a willful violation—reasoning that even if the defendant "was not aware of the infringing boots at the outset," the defendant "made a bulk sale of the infringing boots after receiving two cease-and-desist letters." Id. at 671. The court concluded that the defendant's "alleged willful infringement of [plaintiff's] copyright, and its knowledge of both the existence of the copyright and the forum of the copyright holder, is sufficient" to satisfy the purposeful direction test. Id. at 678–79.

In contrast to the well-supported claim of willful infringement in Washington Shoe, plaintiff's complaint merely alleges that defendants' "acts of infringement are willful, intentional and purposeful." SAC, ¶ 22. The complaint's only other reference to defendants' mental state is the allegation that they "knowingly and intentionally" used the infringing items as a "door opener" to solicit customers to purchase other goods, which is irrelevant to the issue of willful infringement. Id. ¶ 16. In his declaration, Kim states that defendants have "long been well aware" of plaintiff's copyrighted works and principal place of business in California because they often attend the same tradeshows and exhibitions. Kim Decl. ¶ 3. Defendants deny having had any knowledge of plaintiff's copyright prior to receiving the cease-and-desist letter on November 9, 2016, and state that they immediately took remedial steps in an abundance of caution. Second Cohen Decl., ¶ 4–6. In contrast, the fact that the defendant in Washington Shoe sold the infringing items even after receiving two cease-and-desist letters was central to the court's finding that willful infringement was likely established. 704 F.3d at 678–79. The Court finds plaintiff's bare allegations insufficient to demonstrate willful infringement. Accordingly, plaintiff has not established purposeful direction based solely on its underlying allegation.

### 2. Defendants' Website Activity

Plaintiff argues that 55 Oriskany directed its activities at California by maintaining an interactive website at www.meyda.com. Opp'n at 6. The Ninth Circuit utilizes the "sliding scale" approach set forth in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997) to determine whether the operation of a website supports the exercise of personal jurisdiction. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997). Under this analysis, courts consider the "level of interactivity and commercial nature of the exchange of information" that occurs on the website. Id. A passive website that "does little more than make information available to

| | CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|---|
| Case No. | 2:17-CV-00536-CAS(AGRx) | | Date | October 2, 2017 |
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | | |

those who are interested in it is not grounds for the exercise personal jurisdiction."
Zippo, 952 F. Supp. at 1124. On the other end of the spectrum, an interactive website
through which "the defendant enters into contracts with residents of a foreign jurisdiction
that involve the knowing and repeated transmission of computer files" justifies a court's
exercise of personal jurisdiction. Id. If a website falls somewhere in the middle, "the
likelihood that personal jurisdiction can be constitutionally exercised is directly
proportionate to the nature and quality of commercial activity that an entity conducts over
the internet." Cybersell, 130 F.3d at 419.

The complaint alleges that defendants sold infringing items using
www.meyda.com to wholesalers and third-party retailers throughout the world, including
in California. SAC ¶ 14. Plaintiff also requests that the Court take judicial notice of a
screenshot of the website's homepage, which indicates that it has a "Dealer Login"
feature. RJN, Ex. 2–3. The parties dispute the functionality of this log-in feature.
Defendants indicate through their declarations that no products can be purchased using
the website and that the log-in feature only allows dealers to access an online catalogue
and pricing information. Second Cohen Decl. ¶ 14. Plaintiff argues that the website
allows dealers to contact and place orders with 55 Oriskany directly. Opp'n at 6.
However, plaintiff presents no evidence to support this assertion. Accordingly, plaintiff
has not made an adequate showing that defendants purposely directed their activities
towards California through the website. See Amini Innovation Corp. v. JS Imports, Inc.,
497 F. Supp. 2d 1093, 1104 (C.D. Cal. 2007) (holding that plaintiff could not make a
prima facie showing of purposeful availment because there was no evidence defendants
conducted actual commercial transactions or conducted business with California residents
via the website).

###    3.    Defendants' Use of Online Third-Party Retailers

Plaintiff argues that defendants purposely directed sales of the infringing products
to California by using online third-party distributors such as Amazon and Houzz.com,
companies that purposely target consumers and conduct significant business in
California. Opp'n at 6.

In Boschetto, the Ninth Circuit held that a single sale of a vehicle on eBay was
insufficient by itself to support the exercise of personal jurisdiction over a nonresident
seller. 539 F3d at 1018–19. However, the court noted that personal jurisdiction could be
proper in cases where a nonresident seller is using websites such as eBay as a "broader

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
|---|---|---|---|
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

vehicle for commercial activity." Id. at 1019; see, e.g., Oakley, Inc. v. Donofrio, No., SACV 12-02191-CJC(RNBx), 2013 WL 12126017, at *5 (C.D. Cal. June 14, 2013) (finding specific jurisdiction over defendants "because they conducted regular business with California customers using eBay as a conduit[:]" defendants engaged in a "substantial volume of transactions," and were "actively and affirmatively involved in completing transactions with California consumers").

The declarations and exhibits provided by plaintiff show that several allegedly infringing products were listed for sale on Amazon and Houzz.com. Kim Decl. ¶¶ 4–5, Exs. 1–2. However, the complete listings submitted by defendants indicate that the lamps are manufactured by Meyda Tiffany but sold by third-party sellers such as Wingdings LLC. Defendants maintain that none of these third-party sellers are affiliated with 55 Oriskany. Second Cohen Decl. ¶ 8–9, Exs. B, C. Defendants emphasize that 55 Oriskany only sells its products via direct purchase orders or retail sales at its Yorkville facility. Reply at 6–7. Plaintiff has offered no evidence that defendants are directly selling any products using websites such as Amazon or Houzz.com. To the extent plaintiff argues that the activities of the third-party sellers may be relevant, the Ninth Circuit has rejected the exercise of specific jurisdiction in instances where the defendant's contacts are "attenuated" or are "based upon the unilateral activities of . . . third parties." Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1259 (9th Cir.1989). Accordingly, the Court finds that plaintiff has not demonstrated purposeful direction based on defendants' purported use of these websites.

### 4. Defendants' Hiring of a Sales Representative

Finally, plaintiff argues that 55 Oriskany's hiring of a sales representative, John Bork, in Southern California "demonstrates a clear and unequivocal intentional act purposely directed towards California." Opp'n at 5–6. However, plaintiff makes no allegations and provides no evidence that Bork was involved in the marketing or sale of any of the infringing products at issue in this action. Thus, plaintiff fails to connect the alleged copyright infringement with any activity by Bork in California. For the Court to exercise specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014). The Court accordingly finds that plaintiff cannot satisfy its burden of showing purposeful direction.

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-CV-00536-CAS(AGRx) | Date | October 2, 2017 |
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | |

Based on the foregoing, the Court concludes that plaintiff has failed to establish a prima facie showing of jurisdictional facts to justify the assertion of personal jurisdiction over the defendants.

## C.     Jurisdictional Discovery

In the event that the Court has doubts about whether it can exercise personal jurisdiction, plaintiff requests an opportunity to conduct jurisdictional discovery. Opp'n at 8. A decision to permit or decline jurisdictional discovery lies within the sound discretion of the district court. See Boschetto, 539 F.3d at 1020. "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Id. (internal citations and quotations omitted). "A plaintiff need only present a colorable basis for jurisdiction to obtain discovery, and a court abuses its discretion in denying discovery when it might well demonstrate jurisdictionally relevant facts." Lang v. Morris, 823 F. Supp. 2d 966, 979 (N.D. Cal. 2011) (internal quotation marks and citations omitted). "However, discovery is not warranted if a plaintiff cannot 'demonstrate how further discovery would allow it to contradict the [defendants'] affidavits.'" Id. (citing Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir.1995)).

At the hearing held on October 2, 2017, plaintiff indicated that it seeks discovery as to (1) whether Bork was involved in the sale of any infringing items in California, and (2) the arrangements under which the infringing items were sold by third parties through websites such as Amazon and Houzz.com. Defendants argued that because Bork stopped providing services for 55 Oriskany at some time in March 2014, his activities are irrelevant because they are outside the three-year statute of limitations for copyright claims. See 17 U.S.C. § 507(b). However, Bork's activities between January 23, 2014 and the termination of his contract in March 2014 are within the limitations period, and therefore any marketing of the infringing products during that period are jurisdictionally relevant. To the extent 55 Oriskany subsequently appointed sales representatives who marketed the infringing products to California purchasers, such evidence would also be relevant. Second, although the sale of the infringing products by third parties on websites such as Amazon and Houzz.com do not support the exercise of personal jurisdiction, there are outstanding questions regarding the scope of commercial activity on 55 Oriskany's website, www.medya.com.

| | **CIVIL MINUTES – GENERAL** | | | **'O'** |
|---|---|---|---|---|
| Case No. | 2:17-CV-00536-CAS(AGRx) | | Date | October 2, 2017 |
| Title | DALE TIFFANY, INC. V. MEYDA STAINED GLASS, LLC ET AL. | | | |

The Court finds that plaintiff has demonstrated a basis for jurisdictional discovery. However, the discovery period shall not exceed 30 days and the scope of discovery is limited to: (1) whether Bork was involved in the marketing or sale of any infringing items during the limitations period, and whether any subsequently appointed sales representative for 55 Oriskany was involved in the marketing or sale of any infringing items to California purchasers thereafter; and (2) whether 55 Oriskany, through its website, www.medya.com, engaged in commercial activity aimed at selling the infringing items to California purchasers.

## V.    CONCLUSION

Defendant's motion to dismiss in hereby taken under submission. The Court **GRANTS** plaintiff's request for jurisdictional discovery for a 30-day period following entry of this order. Plaintiff shall submit any additional evidence to the Court by November 16, 2017. Defendants may file a response by November 23, 2017. Each side shall be permitted to submit briefs not to exceed ten pages. The Court will thereafter take the matter under submission.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |